UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| COLIN BROWN suing individually on his own behalf and representatively on behalf of a class of plaintiffs similarly situated, | Case No: 22-cv-5096 |
| | CLASS ACTION |
| Plaintiff, | |
| | COMPLAINT |
| -against- | |
| THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, ALLSTATE NEW JERSEY PROPERY & CASUALTY INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEERBROOK INSURANCE COMPANY, ENCOMPASS HOLDINGS, LLC, ENCOMPASS INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY and ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, | |
| Defendants. | Jury Trial Demanded |

_____

**CLASS ACTION COMPLAINT**

1. Plaintiff COLIN BROWN ("BROWN") sues herein under the provisions of Article 9 of the New York Civil Practice Law and Rules, individually on his own behalf and representatively on behalf of a class of plaintiffs similarly situated as more particularly described below.

2. Plaintiff BROWN brings this class action to recover damages resulting from defendants THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, ALLSTATE NEW JERSEY PROPERY & CASUALTY INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEERBROOK INSURANCE COMPANY, ENCOMPASS HOLDINGS, LLC, ENCOMPASS INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY and ALLSTATE COUNTY MUTUAL INSURANCE COMPANY (collectively "ALLSTATE") improper calculation of Basic Economic Loss and First Party Benefits as each relates to wage benefits under Insurance Law §5102 of New York's Comprehensive Automobile Insurance Reparations Act.

3. Under Insurance Law §5102(a)(2), Basic Economic Loss defines the amount of coverage for medical and wage a "covered person" is entitled to as "up to fifty thousand dollars" with wages further defined as "Loss of earnings from work which the person would have performed had he not been injured" capped at "two thousand dollars per month" for the first three years following an accident. Under Insurance Law §5102(b)(1), First Party Benefits, by contrast, establishes the amount of medical and wage benefits a "covered person" is entitled to be reimbursed from the Basic Economic Loss coverage, with wages calculated as "payments to reimburse a person for basic economic loss," i.e., loss of actual earnings, LESS "Twenty percent of lost earnings," again capped at $2,000.00 per month.

4. Throughout the class period defined below, defendant ALLSTATE has improperly reduced the Insurance Law §5102(a)(2) Basic Economic Loss coverage limits for wages by more than the "two thousand dollars per month" cap set forth in §5102(a)(2) for "covered persons," including BROWN, who earn actual wages in excess of "two thousand dollars per month."

5. As a result of defendant ALLSTATE's actions, plaintiff BROWN and all other "covered persons" earning actual wages in excess of two thousand dollars per month, have been denied First Party Benefits because of the premature exhaustion of Basic Economic Loss resulting in injuries from the improper

application of Insurance Law §5102 to policyholders, their assignees, and all other "covered persons" entitled to receive First Party Benefits.

## PARTIES

6.     At all times hereinafter mentioned, plaintiff BROWN is a resident of the County of Suffolk, State of New York.

7.     Defendant THE ALLSTATE CORPORATION is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

8.     Defendant ALLSTATE INSURANCE CORPORATION is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

9.     Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

10.    Defendant ALLSTATE INDEMNITY COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

11. Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

12. Defendant ALLSTATE NEW JERSEY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

13. Defendant ALLSTATE NEW JERSEY PROPERTY & CASUALTY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

14. Defendant ALLSTATE NORTHBROOK INDEMNITY COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

15. Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

16. Defendant DEERBROOK INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

17. Defendant ENCOMPASS HOLDINGS LLC is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

18. Defendant ENCOMPASS INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

19. Defendant ENCOMPASS INDEMNITY COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

20. Defendant ESURANCE INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

21. Defendant ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

22. Defendant ALLSTATE COUNTY MUTUAL INSURANCE COMPANY is a corporation organized and existing in a state other than the state of New York, which maintains its principal place of business at 2775 Sanders Road, Northbrook, IL 60062.

23. Upon information and belief, at all times hereinafter mentioned, each of the ALLSTATE defendant entities has written and sold motor vehicle insurance policies in the state of New York pursuant to the Insurance Law of the State of New York.

24. Upon information and belief, at all times hereinafter mentioned, each of the ALLSTATE defendant entities is and has been an entity authorized and licensed to do business in, and issue automobile insurance policies in, the State of New York under the Insurance Law and is subject to Insurance Law §5102 *et seq*.

25. Upon information and belief, at all times hereinafter mentioned, each of the ALLSTATE defendant entities has administered its claims for no-fault PIP benefits through the same ALLSTATE centralized claim center controlled by each of the ALLSTATE Defendants for all ALLSTATE insurance policies in the state of New York pursuant to the Insurance Law of the State of New York.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy

exceeds the sum or value of $5,000,000 exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from at least one defendant.

27. The Court has personal jurisdiction over each ALLSTATE defendant because each transacts business in New York and plaintiff BROWN's, and the class members', causes of action arose as a direct result of such business transaction. Specifically, defendant ALLSTATE advertised, marketed and sold motor vehicle insurance to consumers in New York, and managed all of its claims arising from those insurance policies, as more fully described hereinafter.

28. Venue is proper in this Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to plaintiffs' and the class members' claims occurred in this district.

## FACTS

29. At all times hereinafter mentioned, including April 28, 2019, Polene Burgess held a policy of motor vehicle insurance with one of the ALLSTATE defendants under policy number 000943255089, which provided No-Fault Personal Injury Protection Benefits pursuant to the requirements of the Insurance Law, including §5102.

30. On or about April 28, 2019, BROWN was injured in an automobile accident with a third person and applied to defendant ALLSTATE for First Party Benefits under claim number 0543430748.

31. At the time of the April 28, 2019 automobile accident and at the time of his application for First Party Benefits, plaintiff BROWN had an actual monthly wage in excess of $2,000.00 per month.

32. Defendant ALLSTATE's policy provided BROWN with $50,000 in Basic Economic Loss benefits.

33. Thereafter, defendant ALLSTATE paid a total of $30,292.01 in First Party medical benefits, and over a period of nine months paid plaintiff BROWN $12,512.13 in net First Party wage benefits, applied a credit of $4,420.00 for New York State Disability benefits and an offset of $2,775.86 to reach its determination that it paid to or on behalf of plaintiff BROWN a total of First Party benefits of $50,000 under §5102(b).

34. Notwithstanding that plaintiff BROWN was entitled to Basic Economic Loss coverage of $50,000.00 under §5102(a), on March 18, 2020 defendant ALLSTATE's centralized claims service determined that BROWN's no-fault benefits were terminated because he had exhausted his Basic Economic Loss coverage of $50,000.00 despite the fact that under §5102(a) he had only received Basic Economic Loss coverage of $48,292.01, comprised of $30,292.01 in medical

9

benefits under §5102(a)(1) and $18,000 in wage benefits under §5102(a)(2) (nine months of wages capped at $2,000 per month).

35. Defendant ALLSTATE's conclusion that Basic Economic Loss of $50,000.00 had been exhausted and its notification to BROWN that his benefits had been exhausted was based upon its improper reduction of Basic Economic Loss by plaintiff BROWN's actual wage loss each month rather than the statutorily capped amount of $2,000.00 per month for wages as provided by §5102(a)(2).

36. The reduction of Basic Economic Loss by more than the statutorily capped amount of $2,000.00 per month provided in §5102(a)(2) for each of the nine months plaintiff BROWN received wage benefits, resulted in plaintiff BROWN's Basic Economic Loss coverage of $50,000.00 being deemed exhausted by defendant ALLSTATE after plaintiff BROWN had only received $48,292.01 in Basic Economic Loss coverage.

37. By reason of the foregoing, plaintiff BROWN was unable to pay the $1,707.99 balance of necessary First Party medical benefits and/or to receive additional First Party Wage Benefits.

**CLASS ACTION ALLEGATIONS**

38. Plaintiff BROWN brings this action as a class action pursuant to Article 9 of the CPLR on behalf of himself, and on behalf of the following class:

All "Eligible Injured Persons" as that term is defined by 11 NYCRR §§65-1.1-65-1.3 covered under a policy of insurance issued or administered by THE ALLSTATE CORPORATION, ALLSTATE INSURANCE COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, ALLSTATE NEW JERSEY PROPERY & CASUALTY INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEERBROOK INSURANCE COMPANY, ENCOMPASS HOLDNGS, LLC, ENCOMPASS INSURANCE COMPANY, ENCOMPASS INDEMNITY COMPANY, ESURANCE INSURANCE COMPANY, ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY and ALLSTATE COUNTY MUTUAL INSURANCE COMPANY and subject to the provisions of Insurance Law §5102, who earned gross monthly wages in excess of two thousand dollars per month at any point during the period in which they were covered, who have submitted First Party Benefit claims to, and received payment from Defendants for First Party Benefits that included claims for lost wages, and which, after paying at least one month of First Party wage benefits, defendants

determined that the mandatory $50,000 coverage (or $75,000 in coverage where Optional Basic Economic Loss coverage is applicable), whether defined as Personal Injury Protection (PIP), no-fault coverage, or Economic Loss benefits, had fully exhausted on or after August 26, 2016. Excluded from the Class are the defendant companies; any entity that has a controlling interest in any of the defendant companies; and any current or former directors, officers and counsel of the defendant companies.

39. This case is suitable for class treatment because it meets the requirements of FRCP 23 as follows:

    a. **Numerosity**: The Class is so numerous that joinder of all members as individual plaintiffs is impracticable. While the exact number of class members is unknown and can only be ascertained through discovery, Plaintiff believes that there are hundreds if not thousands of class members.

    b. **Commonality**: There are questions of law and fact common to the Class, including:

        i. Whether the ALLSTATE defendant entities have breached their contract of insurance with class members;

        ii. Whether the ALLSTATE defendant entities have violated General Business Law §349;

    iii.    Whether the ALLSTATE defendant entities have violated the Comprehensive Motor Vehicle Insurance Reparations Act, Insurance Law §5101 *et seq*.; and

    iv.    Whether Plaintiff BROWN and the class have been damaged by the ALLSTATE defendant entities' actions and, if so, the proper measure of such damages.

    c.    **Typicality**: Plaintiff BROWN's claims are typical of the claims of the class because Plaintiff BROWN and members of the class each sustained damages arising out of defendant ALLSTATE's wrongful conduct as complained of herein;

    d.    **Adequacy of representation**: Plaintiff BROWN will fairly and adequately protect the interests of the class. Plaintiff BROWN has no interests that are antagonistic to, or in conflict with, the interests of the class as a whole, and has engaged competent counsel, experienced in complex litigation.

    e.    **Prosecution of separate actions by members of the class**:

    i.    would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, which would establish incompatible standards of conduct for defendants; and/or

      ii.    would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or which would substantially impair or impede their ability to protect their interests.

    f.    **Defendants acted or refused to act on grounds generally applicable to the class.** Final injunctive relief is appropriate respecting the class as a whole.

    g.    **Predominance and superiority**: Questions of law and fact common to members of the class predominate over any questions affecting only individual members, and a class action is manageable and superior to other available methods for the fair and efficient adjudication of the controversy.

      i.    class members have little interest in individually controlling the prosecution or defense of separate actions;

      ii.    there is no known litigation concerning the controversy already begun by or against class members;

      iii.    it is desirable to concentrate the litigation of the claims in this forum; and

      iv.      there will be no unusual difficulties in managing a class action.

## FIRST CAUSE OF ACTION

### Violation of the Comprehensive Motor Vehicle Reparations Act, Insurance Law §5101 *et seq*.

40. Plaintiff BROWN and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

41. As a result of defendant ALLSTATE's improper method of calculating the reduction of Basic Economic Loss for those "covered persons" who earn actual wages in excess of two thousand dollars per month, and whose Basic Economic loss coverage has exhausted, defendant ALLSTATE has not paid BROWN or class members First Party Benefits to which they are entitled under Insurance Law §5103 within thirty days as required by Insurance Law §5106(a).

42. By reason of the foregoing, defendant ALLSTATE is liable to plaintiff BROWN and the class in an amount equal to the overdue benefits, plus two percent interest per month and reasonable attorneys' fees, or lawful interest from the date Basic Economic Loss was prematurely terminated (exhausted).

## SECOND CAUSE OF ACTION

### Breach of Contract

43. Plaintiff BROWN and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

44. By operation of the Comprehensive Motor Vehicle Reparations Act, every owner's policy of liability insurance issued upon a vehicle registered in New York State must contain, and if it does not contain, shall be construed as containing, provisions providing for payment of first party benefits under the Comprehensive Motor Vehicle Reparations Act.

45. The insurance agreements entered into between defendant ALLSTATE and its policyholders are valid, binding, and enforceable agreements, and the policyholders have performed their obligations under these agreements by paying their premiums, and plaintiff BROWN and each class member was either a party to such a contract or a third-party beneficiary of such a contract.

46. Defendant ALLSTATE, through the actions described above, failed to perform their duties under these contracts, in that they have not fulfilled their obligation to pay the full $50,000.00 in Basic Economic Loss owed by them under the contracts and have deprived BROWN and members of the class valuable First Party Benefit coverage.

47. By reason of the foregoing, defendant ALLSTATE is liable to BROWN and the members of the class for damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**Violation of General Business Law § 349**

48. Plaintiff BROWN and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

49. Defendant ALLSTATE's conduct as alleged herein is consumer oriented within the meaning of General Business Law § 349.

50. Defendant ALLSTATE represented to Plaintiff BROWN and the class that defendant ALLSTATE's insurance policies comply with New York law, including the Comprehensive Motor Vehicle Reparations Act.

51. Defendant ALLSTATE further represented to plaintiff BROWN and the class that defendant ALLSTATE is permitted under New York insurance law to improperly reduce Basic Economic Loss by more than two thousand dollars per month as alleged above, accelerating the exhaustion of Basic Economic Loss and reducing the amount of First Party Benefits to which plaintiff BROWN and the class are entitled. Such representations are both deceptive and material.

52. Defendant ALLSTATE further represented to BROWN and the class that defendant ALLSTATE charged a premium based upon the availability of $50,000 in available First Party Benefits to which were denied plaintiff BROWN and the class. Such representations are both deceptive and material.

53. Plaintiff and the class have been damaged as a result of defendants' misrepresentations.

**FOURTH CAUSE OF ACTION**

**Declaratory and Injunctive Relief**

54. Plaintiff BROWN and the class incorporate by reference the allegations set forth in the preceding paragraphs of this class action complaint.

55. Defendant ALLSTATE's actions in improperly reducing Basic Economic Loss coverage by more than two thousand dollars per month for all wage earners that earn in excess of two thousand dollars per month violate the plain language of Insurance Law §5102(a)(2) and the plain language of their insurance policies.

56. Defendant ALLSTATE's actions are unlawfully and unilaterally reducing the no-fault coverage for BROWN, members of the class and all future "covered persons" who file for no-fault benefits with defendants.

57. By reason of the foregoing, plaintiff BROWN and members of the class are entitled to a preliminary and permanent injunction and order, enjoining and restraining the defendant ALLSTATE, its subsidiaries, parent companies and any persons known or unknown acting with them, under them or on their behalf, from reducing Basic Economic Loss coverage for wages by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

58. By reason of the foregoing, plaintiff BROWN and members of the class are entitled to a declaratory judgment and order declaring the obligations of the defendants, their subsidiaries, parent companies and any persons known or unknown

acting with them, under them or on their behalf, regarding the reduction of Basic Economic Loss coverage by more than the two thousand dollars per month set forth in Insurance Law §5102(a)(2).

## DEMAND FOR JURY TRIAL

59. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff BROWN respectfully requests that the Court issue an Order:

    a. Declaring this action to be a class action;

    b. Awarding Plaintiff and the members of the Class damages against the ALLSTATE defendant entities in an amount to be determined at trial;

    c. Awarding Plaintiff and the class restitution;

    d. Enjoining the ALLSTATE defendant entities from engaging in the practices alleged herein;

    e. Declaring the parties' rights, duties, status and other legal relations under the affected insurance contracts;

    f. Awarding pre-judgment interest; and

    g. Awarding Plaintiff BROWN the costs of this action, including reasonable attorneys' fees.

Respectfully submitted:

_____

MARSCHHAUSEN & FITZPATRICK, P.C.

Kevin Fitzpatrick, Esq.
Dirk Marschhausen, Esq.
kfitzpatrick@marschfitz.com
73 Heitz Place
Hicksville, New York 11801
(516) 747-8000

SACKS WESTON LLC
John K. Weston, Esq.
jweston@sackslaw.com
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Phone: (215) 925-8200